UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID RABIEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHASTA COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>　　　　　Defendants. | No. 2:20-cv-0514 DB P<br><br><br>ORDER |

　　　　Plaintiff is a pretrial detainee pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was recently screened and found to be devoid of a cognizable claim. Plaintiff's first amended complaint is before the Court for screening.

**I.　　Screening Requirement**

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

////

**II.     Pleading Requirements**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.    Plaintiff's Allegations**

Plaintiff brings this civil rights action against the "Shasta County Correctional Facility" and Deputy Vangerwen #46 for conduct occurring while plaintiff was detained as a pretrial detainee at the Shasta County Jail in Redding, California. Plaintiff seeks injunctive relief and damages.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff is a pretrial detainee representing himself in a state criminal matter in the Shasta County Superior Court, Case No. 18F729. As a pro per defendant in that case, plaintiff has been allowed to use a laptop and "ancillary" at the Shasta County Jail.

On July 14, 2019, plaintiff submitted 11 motions of prosecutorial misconduct in the state criminal matter. On or around this date, the prosecutor in that case visited plaintiff and expressed

her dissatisfaction that plaintiff was using the laptop and ancillary in a visit room. This prosecutor is alleged to have a close relationship with staff at the jail.

On July 27, 2019, after plaintiff used the visit room for legal work, Deputy Vangerwen "created a provocation … and used unnecessary and excessive force against" plaintiff, causing plaintiff to suffer a left lower rib fracture and severe bruising in his left arm and hand. Following this incident, Deputy Vangerwen drafted a "deceptive" incident report accusing plaintiff of having "aggressive behavior."

Deputy Vangerwen is accused of having a history of being verbally and physically abusing inmates, including a prior September 2018 incident involving plaintiff. Plaintiff submitted an inmate grievance regarding that incident, writing "I would suggest Officer Vangerwen to have a psychological evaluation before he hurts someone." Plaintiff suggests that the July 2019 assault follows from Deputy Vangerwen's personal vendetta against him stemming from the September 2018 incident.

During the first week of August 2019, plaintiff was prohibited from using a laptop and ancillary to help prepare his defense. Plaintiff suggests that this prohibition, which he claims continues to this date, is in retaliation for the July 2019 incident. However, attachments to the pleading reveal that plaintiff continues to be provided access to a laptop and a legal assistant but not a scanner or printer, which are not approved equipment within the jail.

Plaintiff accuses Shasta County Correctional Facility of supporting Deputy Vangerwen "in long term" by "allowing him to submit deceptive report despite the written contest by [plaintiff]…."

**IV.    Discussion**

**A. Excessive Force**

In order to state a claim for the use of excessive force by a pretrial detainee, a plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). Several factors bear on the reasonableness of the force used, including (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by

3

1  the officer to temper or to limit the amount of force; (4) the severity of the security problem at
2  issue; and (5) the threat reasonably perceived by the officer; and whether the plaintiff was
3  actively resisting.
4      Plaintiff has not alleged enough facts to allow the Court to determine whether the alleged
5  use of force was objectively unreasonable. Instead, he asserts in the pleading only that Deputy
6  Vangerwen "created a provocation … and used unnecessary and excessive force against" him.
7  Without more, these allegations are insufficient to state a claim.

    **B.  Heck Bar**

9      The Court takes note of additional details regarding the July 2019 incident that are
10 included in the attachments to the pleadings. Pursuant to the incident report, Deputy Vangerwen
11 approached plaintiff after the latter used a visit room for legal work. Deputy Vangerwen directed
12 plaintiff to stand facing the wall while he searched plaintiff's legal papers, which was apparently
13 authorized by jail policy. Plaintiff was described as "upset" and "aggressive," he is alleged to
14 have repeatedly refused to comply with Deputy Vangerwen's directives, and, at one point, he
15 raised his right hand in a fist. After searching his legal papers, Deputy Vangerwen and others
16 escorted plaintiff to his cell. On the way, plaintiff refused to comply with orders, resulting in the
17 physical altercation between plaintiff and defendant. In his response to the incident report,
18 plaintiff disputes Deputy Vangerwen's claims, stating that he only took issue with the manner in
19 which Deputy Vangerwen was searching his legal papers. He denies having been aggressive or
20 failing to follow commands. It appears that plaintiff was charged with failing to follow
21 commands, creating a disturbance, and fighting with deputies. The matter was referred to
22 disciplinary.
23     While it is unclear from the attachments if plaintiff was found guilty of these charges,
24 there exists a possibility that plaintiff's claim might be barred by the Heck rule if he was found
25 guilty and some or all of his good time credits were revoked. In Heck v. Humphrey, 512 U.S.
26 477, 486-87 (1994), the Supreme Court held that a plaintiff cannot bring a civil rights action for
27 damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose
28 unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence or

1  other decision already has been determined to be wrongful. See Heck v. Humphrey, 512 U.S. 477,
2  486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example,
3  being reversed on appeal or being set aside when a state or federal court issues a writ of habeas
4  corpus. See id. The Heck rule also prevents a person from bringing an action that--even if it does
5  not directly challenge the conviction or other decision--would imply that the conviction or other
6  decision was invalid. The practical importance of the Heck rule is that plaintiffs cannot attack
7  their convictions or sentences in a civil rights action for damages and instead must have
8  successfully attacked the decision before filing the civil rights action for damages. The Heck rule
9  requires dismissal of a case where the conviction has occurred.

**C.  Retaliation**

Plaintiff claims that the assault by Deputy Vangerwen in July 2019 was in retaliation for the grievance plaintiff filed in September 2018. The fundamentals of a retaliation claim are easily summarized: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). It is the plaintiff's burden to prove each of these elements. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

The Court has reviewed the pleading and finds there to be insufficient allegations linking Deputy Vangerwen's conduct in July 2019 to plaintiff's exercise of his First Amendment rights in September 2018. Not only did nearly one year lapse between the two incidents, but there are no other facts that would suggest that the July 19 incident was "because of" the earlier-filed grievance. Accordingly, plaintiff fails to state a First Amendment retaliation claim.

**D.  False Reports**

Plaintiff next claims that Deputy Vangerwen drafted a falsified report following the July 2019 incident. The filing of a false report by a prison official is not a per se violation of the constitution. See Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010),

5

aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right and (2) when the prisoner alleges that he was not afforded procedural due process in a proceeding concerning the false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell are provided.").

As discussed supra, plaintiff has not asserted a cognizable retaliation claim. In addition, he does not allege that he was denied procedural protections at the hearing on the disciplinary charges. Accordingly, any claim premised on Deputy Vangerwen's allegedly falsified report is not cognizable.

////

////

**E. Shasta County Correctional Facility**

Plaintiff again brings this suit against the "Shasta County Correctional Facility," which, liberally construed, is a suit against Shasta County. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Local governmental entities may be liable under Section 1983, unshielded from Eleventh Amendment immunity, for the unconstitutional implementation or execution of a municipal "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978).

As with his previous complaint, plaintiff fails to allege that the alleged violations of his constitutional rights reflect a specific county jail policy or procedure, or the violation of a policy or procedure. Absent such allegations, Shasta County is not an appropriate defendant in this action. Insofar as plaintiff claims that this defendant ratified Deputy Vangerwen's falsified reports, there is notably a lack of any allegations suggesting that the County knew of any previous false reports. In any event, the mere falsification of a report, as already discussed, does not violate the constitution.

**F. First Amendment Access to Court**

Lastly, plaintiff suggests that the decision by an unnamed individual to prohibit plaintiff's use of a computer and ancillary has affected his ability to defend himself in the state criminal case. Prisoners have a constitutional right of access to the courts, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). This right is limited to direct criminal appeals, habeas petitions, and Section 1983 civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). The right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.... [I]t is this capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Id. at 356-57. A prisoner or detainee's right to litigate without active interference under the First Amendment applies to all "claims that have a reasonable basis in law or fact." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (citations and internal quotations omitted).

The Supreme Court has identified two categories of access-to-court claims. Christopher v. Harbury, 536 U.S. 403, 412-13 (2002). The first category consists of "forward-looking" claims, which allege that official action presently is frustrating the plaintiff's ability to prepare and file a suit at the present time. Id. at 413. The object of "forward-looking" claims is to "place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." Id. The second category consists of "backward-looking" claims, which allege that due to official action, a specific case "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." Id. at 413-14. These cases look "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." Id. at 414. As plaintiff claims that defendants' actions caused him to miss a deadline with the California courts, this case is "backward-looking."

To state a claim for denial of access to the courts, a plaintiff must establish that he or she suffered an "actual injury"—that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348-49). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and cannot be waived." Lewis, 518 U.S. at 348. Specifically, in a "backward-looking" access-to-courts claim, a plaintiff must identify: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that is "not otherwise available in some suit that may yet be brought." Harbury, 536 U.S. at 415, 417-18. However, even if delays in providing legal materials or assistance result in actual injury, they are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." Lewis, 518 U.S. at 362.

Plaintiff's access-to-court claim again fails. This claim is not asserted against any specific defendant, plaintiff continues to fail to allege actual injury, and the attachments to his pleading

suggest that he retains the right to access a computer and his legal assistant. This claim is therefore also not cognizable.

## IV. Conclusion

Plaintiff's first amended complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

In addition, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).

9

1  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
2  above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).
3      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
4  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
10      In accordance with the above, IT IS HEREBY ORDERED that:
11      1. Within thirty days from the date of service of this order, plaintiff must file either a
12  second amended complaint curing the deficiencies identified by the Court in this order, a notice
13  of voluntary dismissal, or a notice of election to stand on the complaint; and
14      2. If plaintiff fails to file a second amended complaint or notice of voluntary dismissal,
15  the Court will recommend the action be dismissed, with prejudice, for failure to obey a court
16  order and failure to state a claim.

Dated:  September 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/rabi0514.scrn 1AC