UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID RABIEE,<br><br>                     Plaintiff,<br><br>        v.<br><br>SHASTA COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>                     Defendants. | No.  2:20-cv-0514 TLN DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a county detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 24, 2020, plaintiff's first amended complaint was screened and found to be devoid of a cognizable claim. (ECF No. 7.) Plaintiff was then granted leave to file a second amended complaint, a notice of his willingness to stand on the first amended complaint as written, or a notice of voluntary dismissal. When plaintiff did not respond to the court order or seek an extension of time to do so before the response deadline passed, findings and recommendations issued to dismiss this case.

     On November 23, 2020, plaintiff filed objections to the findings and recommendations, suggesting that he did file a second amended complaint. (ECF No. 10) While no pleading was filed in this case, the court notes that plaintiff did file a second amended petition for writ of habeas corpus in another case, Rabiee v. Shasta County Corr. Facility, Case No. 2:20-cv-0813-

1  TLN-DMC. Out of an abundance of caution, the court vacated its findings and recommendations
2  and granted plaintiff until February 6, 2021, to file a second amended complaint.
3       On February 17, 2021, plaintiff filed a document titled "Supplement to Writ of Habeas
4  Corpus," which was filed both in this case and the aforementioned habeas action. (ECF No. 12.)
5  Therein, plaintiff complains that he has been retaliated against by a Deputy Vasquez for having
6  assisted his cellmate with a medical matter. To the extent this filing can be construed as an
7  amended pleading, it contains new allegations that are wholly unlike those asserted in his
8  previous complaint, which was premised on the use of excessive by Deputy Vangerwen. Plaintiff
9  was specifically informed in the screening order that, although he has been granted the
10 opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims.
11 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
12      Because plaintiff has still failed to respond to the court's September 24, 2020, Screening
13 Order, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure
14 to state a claim and for failure to obey a court order.  See Local Rule 110; Fed. R. Civ. P. 41(b).
15      These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17 after being served with these findings and recommendations, plaintiff may file written objections
18 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
19 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
20 objections within the specified time may waive the right to appeal the District Court's order.
21 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 Dated:  March 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Routine/rabi0514.fta(2)